PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS      NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

AIDAN SYNNOTT

TELEPHONE    (212) 373-3213
FACSIMILE    (212) 492-0213

E-MAIL: asynnott@paulweiss.com

August 21, 2023

*Via ECF*

The Honorable Mary Kay Vysckocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: *Dunor Energía S.A.P.I. de C.V.* v. *Comisión Federal de Electricidad*,
    No. 1:22-cv-10584:  Pre-Motion Conference

Dear Judge Vysckocil:

  This firm represents Respondent, the *Comisión Federal de Electricidad* ("CFE").  I submit this letter pursuant to Rule 4.A.i of this Court's Individual Rules of Practice in Civil Cases to request a pre-motion conference and to set forth the bases for CFE's proposed motion to dismiss Petitioner's First Amended Petition to Confirm and Enforce Foreign Arbitral Award (Dkt. 11, "Petition"), or, in the alternative, to stay the action.  Petitioner has consented to CFE filing this motion.

**I. Background and Procedural History**

  Each party is organized under Mexican law, with its principal place of business in Mexico.  Petitioner Dunor Energía S.A.P.I. de C.V. ("Dunor") is a Mexican company dedicated to the generation of electrical energy.  CFE is Mexico's state-owned utility company, created under Mexican federal law.

  In October 2015, CFE awarded Dunor a public contract for a new power plant in Mexico (the "Contract").  After several postponements, Dunor failed to complete the project on time and the Contract was terminated.  In August 2020, Dunor initiated an arbitration under the LCIA Rules of Arbitration seeking certain incurred costs.  Per the Contract, the arbitration was held in Mexico and under Mexican law.  The tribunal issued two awards, the original on September 26, 2022 and an amended award on January 18, 2023.  The awards require CFE to pay post-award interest.

  On December 15, 2022, Dunor initiated this action ("Petition") pursuant to

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Mary Kay Vysckocil 2

the Federal Arbitration Act, 9 U.S.C. § 201 seq. ("FAA") and the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, *opened for signature* June 10, 1958, 330 U.N.T.S. 38 ("N.Y. Convention").  Dunor served CFE with this Petition in Mexico by letter rogatory on May 16, 2023.  On June 5, 2023, this Court accepted the parties' stipulation to allow Dunor to file an amended petition to address the amended award and an extension of time for CFE to respond.

On March 13, 2023, before it was served with notice of this Petition, CFE initiated a proceeding in Mexican federal court to annul the awards on nine separate bases under Mexican law ("Mexican Annulment Proceeding").  Dunor responded, opposing CFE's motion and seeking to confirm the awards.  That proceeding is fully briefed and the parties are waiting for the Mexican court to schedule a hearing on the motions.

**II. Dunor's Petition Is Not Yet Ripe, And Therefore, Should Be Dismissed**

Contrary to Dunor's assertion, this action comes to the Court under the Inter-American Convention on International Commercial Arbitration, TIAS 90-1027, *opened for signature* Jan. 30, 1975, 1438 U.N.T.S. 249 ("Panama Convention"), not the N.Y. Convention.  The Panama Convention applies where "a majority of the parties" are citizens of a member state of the Organization of American States that has ratified the Panama Convention.  9 U.S.C. § 305.  Mexico fulfills these criteria.

Article 4 of the Panama Convention recognizes an arbitral award as final for purposes of enforcement once it "is not appealable under the applicable law."  CFE is currently contesting the arbitral awards in the Mexican Annulment Proceeding, as is its right under Mexican law.  Thus, the awards are not yet final or enforceable by this Court.

**III. Dunor's Petition Should Be Dismissed On *Forum Non Conveniens* Grounds**

Even if the Court declines to apply the Panama Convention, the Petition should be dismissed because Mexican courts are better positioned to hear the matter.  Courts in the Second Circuit consider three factors when considering motions to dismiss under *forum non conveniens*: (1) the degree of deference accorded to the plaintiff's choice of forum; (2) the adequacy of the defendant's proposed alternative forum; and (3) the balance of private and public interests implicated in the choice of forum. *Kingstown Cap. Mgmt., L.P.* v. *Vitek*, 2022 WL 3970920, at *2 (2d Cir. Sept. 1, 2022).  Here, all three factors weigh in favor of dismissal.

*First*, the underlying arbitration has no connection to the United States.  The parties are Mexican, the arbitral award was issued in Mexico, the applicable law is Mexican, and the ultimate source of the funds sought is Mexico.  Because the parties chose to litigate the dispute in Mexico and under the laws of Mexico, deference to that forum is appropriate.  *In re Arb. between Monegasque De Reassurances S.A.M.* v. *Nak Naftogaz of Ukraine*, 311 F.3d 488, 498 (2d Cir. 2002) (considering the petitioner's and lawsuit's bona fide connection to the United States.).

*Second*, Mexico is an adequate alternative forum.  *See Osuna* v. *Citigroup*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Mary Kay Vysckocil                                                                                       3

*Inc* 2018 WL 6547205, at *43 (S.D.N.Y. Sept. 28, 2018), *aff'd* 2020 WL 3989084 (2d Cir. July 15, 2020). Both parties are organized under Mexican laws and subject to the jurisdiction of Mexican courts, which are more appropriate to interpret questions of Mexican arbitration law that governs the arbitral awards and the Contract.

*Third*, Mexico has an interest in the resolution of this dispute that far outweighs any interest of the United States. Mexico is the place of business of each party and thus has an interest in having this matter heard in its courts given the potential impact on Mexican investment, business, and public resources. *See Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235, 260 (1981) ("there is a local interest in having localized controversies decided at home.") (internal quotation omitted). The United States has virtually no connection to the arbitration. *See Monegasque*, 311 F.3d at 500 ("[t]he case before us simply has no connection with the United States"). The parties, as well as documents (all of which are originally in Spanish) and witnesses that may be necessary to resolve the dispute, are located almost entirely in Mexico. *See Osuna*, 2018 WL 6547205, at *9, 11 (dismissing action where "a substantial portion of the events at the heart of this litigation occurred in Mexico"). Mexico is simply a more convenient forum.

For these reasons, the Court should dismiss this action.

**IV.    In Any Event, This Proceeding Should Be Stayed Pending The Outcome Of The Ongoing Mexican Annulment Proceeding**

Even if this Court declines to dismiss the Petition, a stay pending resolution of the Mexican Annulment Proceeding is appropriate. Both the Panama Convention and N.Y. Convention, to which the United States is a party and which govern the recognition and enforcement of arbitral awards from Mexico, permit a U.S. court to stay enforcement proceedings when an arbitral award has been challenged in the place of arbitration. Panama Convention, art. 6 (If a court in the place of arbitration has been asked "to annul or suspend the arbitral decision, the [court] before which such decision is invoked may, if it deems it appropriate, postpone a decision on the execution of the arbitral decision"); N.Y. Convention art. VI.

Here, a stay is appropriate for judicial efficiency to allow the Mexican court to annul the award on grounds that public policy in Mexico—which is broader than analogous policy in the United States—prohibits such an award. As noted above, that annulment proceeding is currently pending before a court in Mexico. Briefing has concluded and a hearing and decision are expected in approximately four to eight months. *See InterDigital Commc'ns, Inc.* v. *Huawei Inv. & Holding Co., Ltd.*, 166 F. Supp. 3d 463, 471–72 (S.D.N.Y. 2016) (granting stay where French decision would issue in four to six weeks); *see also In re Arb. of Certain Controversies Between Getma Int'l & the Republic of Guinea*, 142 F. Supp. 3d 110, 115–16 (D.D.C. 2015) (foreign proceeding was likely to be resolved in under two years). Any hardship to Dunor caused by a stay is, at most, merely financial and is remedied by the tribunal's award of post-award interest.

For the foregoing reasons, CFE wishes to bring a motion to dismiss Petition, and in the alternative, to stay the proceedings.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Mary Kay Vysckocil                                                                                          4

 

                                                    Respectfully Submitted,

                                                    */s/  Aidan Synnott*
                                                    Aidan Synnott

cc:      All counsel of record via ECF